# U.S. DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

|  |  |
|---|---|
| GARY T. TYNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO.: |
| WASHINGTON NATIONAL INSURANCE COMPANY | ) ) ) ) |
| Defendant | ) ) |

## NOTICE OF REMOVAL

Please take notice that the Defendant, Washington National Insurance Company ("Washington National"), by counsel, pursuant to 28 U.S.C. § 1441(a), hereby removes this action to the United States District Court for the District of South Carolina, upon the following grounds:

1. On or about April 3, 2018, Plaintiff filed his Complaint against Washington National in the Court of Common Pleas, Horry County, South Carolina entitled *Dennis Barker v. Washington National Insurance Company,* designated as Case No. 2018-CP-2602173 (the "State Court Action").

2. Plaintiff served his Summons and Complaint on Washington National on April 12, 2018, via the South Carolina Department of Insurance. Copies of all process, pleadings and orders served upon Washington National are being filed as required by 28 U.S.C. § 1441(a) and are attached hereto as Exhibit 1.

3. The Complaint sets forth an action for damages based upon alleged breach of contract and alleged insurance bad faith. Under these causes of action, Plaintiff seeks actual and punitive damages, costs and attorney fees. [Complaint ¶16]

4.	This Court has original jurisdiction based on diversity of citizenship and amount in controversy under 28 USC § 1332, and this action is removable under 28 U.S.C. § 1441(a). Venue properly lies in the District of South Carolina under 28 U.S.C. § 1391(a)(2) and 28 U.S.C. §95(a)(2).

5.	This is a civil action between citizens of different States.  Plaintiff is a resident of Horry County, South Carolina [Complaint ¶ 1], and is a citizen of South Carolina. Defendant Washington National is a corporation domiciled in a State other than South Carolina [Complaint ¶ 2], and more specifically is an insurance company formed as an Indiana corporation with its principal place of business in Indiana and is therefore a citizen of Indiana.  28 U.S.C. § 1332 (c) (1).   *See* Affidavit of Karl Kindig attached as Exhibit 2.

6.	To support removal based on diversity jurisdiction, and where it is not facially evident from the Complaint, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 USC § 1446(c)(2)(B). Washington National does not concede the validity of Plaintiff's claims nor attempt to predict what Plaintiff will recover; the amount in controversy is determined by the amount demanded, not what will ultimately be recovered. *St. Paul Mercury Indem. Co. v. Red Cab Co.* 303 U.S. 283, 289-290 (1938).

7.	The amount in controversy exceeds $75,000 exclusive of interest and costs.  The Complaint alleges that damages will not exceed $75,000 but alleges among other things that Washington National is guilty of insurance bad faith, allegedly entitling Plaintiff to actual and punitive damages and attorney fees (Complaint ¶¶ 20-23). The Complaint further alleges in paragraph 14:

14. Plaintiff would show that the Defendant is in breach of contract for actual damages of $50,000.

Thus, the amount of actual damages requested in the Complaint is $50,000, and the only issue is whether the prayer for punitive damages and attorney fees for alleged bad faith brings the amount in controversy over $75,000, despite Plaintiff's assertion that it does not.

8. In *Brailsford v. Fresenius Medical Center* 2017 WL 1214337, *3-5 (D.S.C. April 3, 2017), this Court refused to remand an action to State Court where the prayer for relief in the Complaint was indeterminate, even after the Plaintiff filed a post-removal stipulation purporting to limit damages to less than $75,000. The Court stated:

> The amount in controversy is determined by considering the judgment that would be entered if Brailsford prevailed on the merits of the case as it stands at the time of removal...[T]his court has held that claims for punitive damages "must be included in the calculation of the amount in controversy."... This court has taken the same approach regarding consequential damages and attorney fees and costs. *See Thompson v. Victoria Fire & Cas. Ins. Co.,* 32 F. Supp. 2d 847 (D.S.C. 1999) (holding no dispute that amount in controversy exceeds $75,000.00 where complaint sought punitive damages, consequential damages, and attorneys' fees and costs beyond the $25,000.00 in actual damages claimed).

[*Id.* at *4]

The Court went on to state:

> Ultimately, Brailsford's post-removal affidavit does not change the court's conclusion that Brailsford's damages could reasonably exceed the jurisdictional amount. "The law is clear that post-removal events, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, do not deprive a federal court of diversity jurisdiction."

[*Id.* at *5]

9.  A prayer for punitive damages definitely adds to the amount in controversy and makes it more likely federal diversity jurisdiction is present. *See Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739, 2011 WL 494395, at *3 (D.S.C. Feb. 4, 2011) ("Even though [the plaintiff's] Complaint does not specify the exact amount of damages [she] is claiming in this action, her request for punitive damages alone, which are properly considered for purposes of determining the amount in controversy, makes it difficult for [the plaintiff] to prove she could not possibly recover the jurisdictional limit were she to prevail at trial.")

10. This Court had denied motions to remand in several recent cases where the presence of a claim for punitive damages indicates an amount in controversy in excess of $75,000 despite various attempts by plaintiffs to argue, stipulate or plead otherwise. *See, Clear Choice Construction, LLC v. The Travelers Home and Marine Ins. Co.* 2018 WL 718960 (D.S.C. Feb. 6, 2018)(remand denied where complaint sought indeterminate damages and plaintiffs filed post-removal stipulation to seek no more than $74,999 in damages); *Hosey v. Quicken Loans, Inc.* 2018 WL 1182510, *1 (D.S.C. March 7, 2018)(remand denied despite specific *ad damnum* in complaint that plaintiff "does not seek to recover more than $75,000"); *Lighthouse Property Ins. Corp v. Rogers* 2017 WL 3634593, *2 (D.S.C. Aug. 22, 2017)(" A "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount… The Court therefore finds by a preponderance of the evidence that Lighthouse's potential exposure in the Underlying Litigation exceeds the $75,000 amount-in-controversy threshold.")

11.    Pursuant to 28 U.S.C. § 1446(b), this Notice is timely filed with this Court, within thirty days after the receipt, by this Defendant, of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

12.    As required by 28 U.S.C. § 1446(d), written Notice of Removal is being given to all adverse parties and a copy of the Notice is being filed with the Clerk of the Common Pleas Court of Horry County, South Carolina.

WHEREFORE, the Defendant Washington National Insurance Company, by counsel, respectfully requests that the State Court Action be removed from the Common Pleas Court for Horry County, South Carolina, to the United States District Court for South Carolina, and proceed as an action properly removed thereto.

Dated this 10 day of May, 2018.

                        Respectfully submitted,

By:  *s/Sarah Day Hurley*
     Sarah Day Hurley (Fed. Bar No. 07267)
     Turner Padget Graham & Laney, PA
     PO Box 1509
     Greenville, South Carolina 29602
     (864) 552-4651

     William E. Lawson (Fed. Bar No. 02620)
     Turner Padget Graham & Laney, PA
     P.O. Box 2116
     Myrtle Beach, SC 29578
     (843) 213-5500

     ATTORNEYS FOR DEFENDANT
     WASHINGTON NATIONAL
     INSURANCECOMPANY

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was served by placing a copy of same in the United States mail, first class postage prepaid this 10 day of May, 2018, addressed to the following:

L. Sidney Connor, IV
KELAHER, CONNELL & CONNOR, P.C.
Post Office Drawer 14547
Surfside Beach, SC  29587

*s/Sarah Day Hurley*
Sarah Day Hurley