# U.S. DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | | |
|---|---|---|
| Gary T. Tyner, | ) | Civil Action No.: 4:18-cv-01297-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AMENDED COMPLAINT** |
| | ) | (Breach of Contract/Bad Faith) |
| Washington National Insurance Company, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, complaining of the Defendant herein, would show and allege unto this Honorable Court as follows:

1. The Plaintiff is a citizen and resident of the State of South Carolina, County of Horry.

2. The Defendant Washington National Insurance Company is a corporation organized and existing pursuant to the laws of one of the states of the United States of America and does business in Horry County, South Carolina.

3. This Court has jurisdiction over the parties and subject matter of this litigation.

4. In or about 2011, Plaintiff purchased a critical illness policy from the Defendant.

5. That policy provides for a benefit of $50,000 in the event that the Plaintiff should contract cancer.

6. Plaintiff paid all premiums as required by the Defendant and has met all requirements of the insurance policy.

7. Plaintiff did in fact contract cancer and has made application under the policy.

8. The Defendant has denied Plaintiff's claim for benefits.

## FOR A FIRST CLAIM
### (Breach of Contract)

9. The allegations of Paragraph Nos. 1 through 8 are incorporated as if fully set forth herein.

10. Plaintiff would show that the Plaintiff and Defendant had an insurance contract for critical illness which covered the Plaintiff if he contracted cancer.

11. Plaintiff would show that he contracted cancer.

12. Plaintiff would show that he met all of his obligations and duties under the contract and nonetheless, the Defendant has denied his claim for benefits.

13. Plaintiff would show that the Defendant is in breach of contract for actual damages of $50,000.

## FOR A SECOND CLAIM
### (Bad Faith)

14. The allegations of Paragraph Nos. 1 through 13 are incorporated as if fully set forth herein.

15. The Plaintiff would show that the Defendant's denial of his claim under the cancer policy was in bad faith and request actual damages of $50,000, punitive damages of $1,000,000, plus costs and attorney's fees.

WHEREFORE, having fully pled his complaint, Plaintiff prays for the relief as requested herein and for such other and further relief as this court may deem just and proper.

KELAHER, CONNELL & CONNOR, P.C.

s/L. Sidney Connor, IV
L. Sidney Connor, IV (Federal ID: 00273)
Post Office Drawer 14547
Surfside Beach, SC  29587
(843) 238-5648
sconnor@classactlaw.net
**Attorney for Plaintiff**

May 15, 2018